# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06MC410-C

| | |
|---|---|
| IN RE: OSB ANTITRUST LITIGATION ) ) ) _____ ) ) THIS DOCUMENT RELATES TO: ) ) ) All Indirect Purchaser Actions. ) _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the following motions and memoranda:

1. the Indirect Purchaser Plaintiffs' "Motion to Enforce Subpoena Directed to Lowe's Companies, Inc. . . ." (document #1), "Memorandum in Support . . ." (document #2), and the "Declaration of Daniel D'Angelo" with supporting exhibits (document ##3-5), all filed October 27, 2006;

2. Lowe's Companies, Inc.'s "Motion . . . to Quash Subpoena and for Protective Order" (document #7), "Memorandum in Support of Motion . . . to Quash Subpoena and for Protective Order, and in Response to Motion to Enforce Subpoena" (document #12); and accompanying affidavits (document ##8-11), all filed November 15, 2006;

3. the Indirect Purchaser "Plaintiffs' Reply Memorandum in Support of Motion to Enforce Subpoena . . . and in Response to Motion . . . to Quash Subpoena and for Protective Order" (document #13), and the "Supplemental Declaration of Daniel D'Angelo" with supporting exhibits (document #14); and

4. Lowe's Companies, Inc.'s "Reply Brief . . . in Support of Motion to Quash Subpoena and for Protective Order" (document #15), and the "Declaration of Craig J. Price" (document #16), both

filed December 11, 2006.

On November 27, 2006, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motions are now ripe for determination.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will grant in part and deny in part the Indirect Purchaser Plaintiffs' "Motion to Enforce Subpoena Directed to Lowe's Companies, Inc. . . ." (document #1), and will grant in part and deny in part Lowe's Companies, Inc.'s "Motion . . . to Quash Subpoena and for Protective Order" (document #7), as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying action in this dispute alleges a violation of federal and state antitrust and consumer protection laws. The Plaintiffs are seeking to attain class status on their claims that the manufacturer Defendants "conspired to artificially fix, raise, maintain or stabilize prices for oriented strand board ("OSB") in violation of federal antitrust laws, that the price increases were passed on by direct purchasers, with the result that the prices paid by the Indirect Purchaser Plaintiffs were artificially inflated." Twelve lawsuits containing similar allegations have been consolidated and are pending in the United States District Court for the Eastern District of Pennsylvania,[1] the first of which was filed on February 24, 2006.

On June 30, 2006, the Indirect Purchaser Plaintiffs issued a third-party subpoena to Lowe's Companies, Inc. ("Lowe's) in this District, which was served on Lowe's on July 7, 2006. The

---

[1]The Plaintiffs have suggested that the dispute with Lowe's be transferred to the Eastern District of Pennsylvania due to that Court's familiarity with the underlying lawsuit. However, because no formal motion has been filed and Lowe's has strenuously objected to any such transfer the undersigned will resolve the dispute in this District (where the subpoena was issued), as was contemplated by Fed. R. Civ. P. 45(c)(3)(A).

subpoena seeks information relevant to whether the alleged OSB overcharge was passed through to the Plaintiffs by intermediate sellers such as Lowe's. Specifically, Lowe's has been asked to produce documents relating to any purchase or sales transaction for OSB, including the quantity, date, price, and customer for each sale, as well as the list prices for OSB during the relevant time period. Lowe's objects to producing this information on several grounds.

First, Lowe's argues against producing the requested documents on the ground that Plaintiffs' counsel owes it a fiduciary duty as a potential class member. However, the Plaintiffs have made clear that the potential class, as it has evolved, will include only indirect purchasers – not those who acted both as direct and indirect purchasers, as Lowe's did.

Next, Lowe's argues that the requested information is highly confidential business information, which would damage its future business if disclosed to its vendors (the Defendants) and competitors. However, the Court notes that a Protective Order is already in place which contemplates the protection and strict limitation on use of sensitive documents produced by third parties.

Lowe's also argues that documents relating to its purchases of OSB from the Defendants could be obtained from the Defendants – parties to the underlying action. For the remaining documents, involving its sales of OSB, Lowe's argues that the request is overly broad and production would be too burdensome for a non-party. The subpoena requires Lowe's to produce documents relating to all of its sales of OSB in each store in twenty-one different states from 2000 to the present. According to Lowe's, this represents millions of sales transactions. According to Lowe's, obtaining the detailed sales information requested by the Plaintiffs "may require in excess of 250 man-hours over 4-6 weeks and may cost $25,000, not including Lowe's employees' lost

productivity." However, Lowe's concedes that it could produce what amounts to a summary of the requested sales information at a substantially lower cost.[2]

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Generally, the resolution of discovery disputes, that is, whether to grant or deny a motion to compel or, in this case, whether to enforce or quash a party's subpoena, is left within the district court's broad discretion. See, e.g., Nicholas v. Wyndham Intern., Inc., 373 F.3d 537, 542 (4th Cir. 2004) (district court's denial of party's motion to enforce non-party subpoena duces tecum reviewed for abuse of discretion and affirmed where moving party had access to same information through discovery from opposing party); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's

---

[2]According to the Plaintiffs, Lowe's offered to provide certain summaries of information if the Plaintiff's paid $12,500 in costs and agreed not to seek any further discovery from Lowe's. This information included: "(a) a spreadsheet showing the total OSB purchased by Lowe's from all vendors; (b) a spreadsheet showing the total OSB purchased from each defendant broken down by year; and (c) a spreadsheet showing monthly average sales price for all OSB products sold by Lowe's in aggregate by state." The Plaintiffs rejected this offer.

4

substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Although there is no Fourth Circuit authority directly on point, in a case where non-parties sought to quash a subpoena duces tecum that otherwise would have required them to invest considerable time and resources in reviewing and producing documents, the Ninth Circuit Court of Appeals affirmed the district court's decision to quash, holding that the proponent party's "need for these documents was not sufficient to outweigh the burden and invasion of corporate privacy which would have resulted to [the non-parties], especially since they were not parties to the suit." Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 299 (9th Cir. 1975) (noting that the subpoena was "sweeping in nature, covering every paper touching on any relationship between" the non-parties and the opposing party, and "[c]ompliance would have required extensive sifting and analysis" by the non-parties' employees).

Applying these legal principles and turning first to the documents which relate to Lowe's purchase of OSB from various vendors, including the Defendants, the undersigned will not require Lowe's to produce such information. First, the Plaintiffs have not established that information regarding vendors who are not defendants in the underlying action would be relevant to the lawsuit. Second, information regarding OSB purchases from the Defendants can be obtained from the Defendants themselves. Although the information may not be in a preferred format for the Plaintiffs, this alone does not justify transfer of substantial expense to a third party. Accord Nicholas, 373 F.3d at 542 (district court's denial of party's motion to enforce non-party subpoena duces tecum affirmed where moving party had access to same information through discovery from opposing party); and Premium Service Corp., 511 F.2d at 299 (affirming quashing of subpoena where non-

5

party would have incurred substantial expense by complying).

Thus, this leaves the major category of documents – those relating to Lowe's OSB sales in its stores. The Plaintiffs have carried their burden to show the relevancy of these documents. However, as Lowe's has demonstrated, and as discussed above, producing these documents, in the level of detail requested by the Plaintiffs, will cause non-party Lowe's to incur substantial costs and loss of employee time. Accordingly, Lowe's shall first produce the summary of information relating to its OSB sales it has already offered to the Plaintiffs, but at Lowe's expense. That is, Lowe's shall produce summaries of OSB sales information from 2000 to the present,[3] broken down by monthly average sale price and state, including quantities sold (if quantity can be determined without Lowe's manually determining this number on a transaction by transaction basis), and known list prices for OSB during the relevant time period. Further, because the potential summary information previously offered by Lowe's (at the Plaintiff's expense) was not discussed in detail, Lowe's is expected to provide, in good faith, whatever additional information it can ascertain without resorting to extracting the information on a transaction by transaction basis.

However, should this summary not satisfy the Plaintiffs' discovery needs, the Plaintiff may seek the additional transactional information from Lowe's – including the purchasing customer, the quantity, the date, price, and list price for OSB during the relevant time period. Because of the burden this level of detail will place on non-party Lowe's, this additional information (if needed by the Plaintiff after it reviews the summary information provided by Lowe's) will be produced at the Plaintiffs' expense. Further, should Lowe's deem any of the information it is being compelled to

---

[3]Lowe's has stated that any sales information prior to December 2001 may not be reliable. Irrespective of this claim, Lowe's shall provide the sales data to the best of its knowledge.

produce to be confidential, it may produce such documents pursuant to the Protective Order already in place in the underlying litigation.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The Indirect Purchaser Plaintiffs' "Motion to Enforce Subpoena Directed to Lowe's Companies, Inc. . . . ." (document #1) is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

2. Lowe's Companies, Inc.'s "Motion . . . to Quash Subpoena and for Protective Order" (document #7) is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: December 18, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge